MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-mail: Cathy@moranlaw.net

Attorney for Alvino and Connie Hernandez

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In Re: ) | Chapter 13 |
| ) | |
| ALVINO AND CONNIE ) | Bankruptcy No. 08-56791 |
| HERNANDEZ, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ALVINO AND CONNIE ) | Adversary No. 09-5102 |
| HERNANDEZ, ) | |
| Plaintiffs, ) | |
| ) | Date: July 24, 2009 |
| vs. ) | |
| ) | Time: 3 p.m. |
| MORTGAGEPOINTER.COM, INC., ) | |
| INDYMAC FEDERAL SAVINGS ) | Place: 3020 |
| BANK, ) | |
| ) | |
| Defendants. ) | |
| _____) | HON. ARTHUR S. WEISSBRODT |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiffs Alvino and Connie Hernandez respond to the motion as follows.

1. **Plaintiffs' notice of rescission was timely**

The complaint lacked clarity concerning the debtors' notice of rescission; lack of clarity is not, however, fatal to the debtors' cause of action. <u>Two</u> notices of rescission were sent, one dated November 25, 2008, and a second on December 9, 2008. Plaintiffs

1 inadvertently failed to attach proof of the earlier mailing to the complaint.

2 Attached to the declaration of Cathleen Cooper Moran filed herewith as Exhibit A, is
3 the rescission letter of November 25, 2008 addressed to MortgagePointer.com Inc. at the
4 address provided in the notice of right to cancel which is attached to the letter.

5 On the same date, a copy of the letter to MortgagePointer.com was mailed to Indymac
6 Bank. Declaration of Cathleen Cooper Moran, Ex. B.

7 Each of those letters were returned by the post office, and a second round of letters
8 dated December 9, 2008 were mailed to MortgagePointer and Indymac.

9 12 CFR 226.23(a)(2) specifically provides that notice is considered given when
10 mailed. Notice of the Plaintiffs' election to rescind was given and effective when the
11 letters of November 25, 2008 were mailed (on December 1) to the address provided in
12 the notice.

13 Counsel took the additional step of attempting to get actual notice to the affected
14 parties by means of the December 9th letters. The second round of letters does not vitiate
15 the effectiveness of the notice given as provided in 12 CFR 226.23(a)(2).

16 Plaintiff should be permitted to amend the complaint to attach proof of the mailing of
17 the November 25, 2008 letters rescinding the transaction.

18 2. **Plaintiffs concede their complaint for statutory money damages is time barred.**
19 3. **Plaintiff need not plead present ability to fund rescission**

20 Ability to fund rescission is no part of the elements of a cause of action for rescission.
21 In so claiming, Defendant materially misstates the holding of *Yamamoto v. Bank of New*
22 *York*, 329 F.3d 1167 (9th Cir. 2003). In *Yamamoto*, the 9th Circuit upheld the *discretion* of
23 a trial judge to require, *in connection with a summary judgment motion*, that the plaintiff
24 to show an ability to tender the consideration received. The plaintiffs in *Yamamoto* had
25 admitted, after an opportunity to seek funding, that they were unable to tender the
26 balance of the loan proceeds.

27 No reading of *Yamamoto* constitutes authority that borrowers harmed by TILA
28 violations must show present capacity to tender as part of their well pled complaint.

In *Palmer, 502 F.2d 860* (9th Cir. 1974), the 9th Cir. pointed out how Truth in Lending altered the common law precepts of rescission. In equity, a party rescinding must tender the consideration received as a *prerequisite* of rescission; the Truth in Lending statutes altered the sequence of events in a rescission under TILA. Only ...'*upon the performance of the creditor's obligations* under *[section 1635*],' must the obligor tender the property to the creditor. *Palmer* at 861.

Judge Hufstedler goes on in *Palmer* to provide that a trial court that conditions the borrower's rights to recission must consider "the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act..." *Palmer* at 862. That policy clearly takes issues of ability to tender out of the realm of a 12(b)(6) motion.

The judicial discretion discussed in *Yamamoto* can be exercised in favor of lenders, or in favor of borrowers as the court fashions a remedy for violation of Truth in Lending. *Avila v. Stearns Lending, Inc.*, 2008 U.S. Dist. LEXIS 31813, 6-7 (C.D. Cal. Apr. 7, 2008). Tender could take many forms, including monthly payments at the contractual rate on a reduced principal; refinance, or even sale of the property.

This court has discretion to fix the terms of tender. However, the obligation to tender *follows* performance of the creditor's obligations. Movant here nowhere asserts that it has performed its obligations which would require tender. Ability to tender is simply not a matter for consideration on a motion to dismiss.

## CONCLUSION

Plaintiffs request that they be permitted to amend their complaint to attach proof of the notice of election to cancel given on November 25, 2008 and that the court deny Defendant's motion to strike on any grounds related to ability to tender.

MORAN LAW GROUP

Date: _____  _____

CATHLEEN COOPER MORAN

Attorney for Alvino and Connie Hernandez

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS